■ BIRK IRON WORKS, INC., Respondent, v VAN TULCO, INC., et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Robert W. Coutant, J.), entered October 26, 1990, after a non-jury trial, which awarded damages in favor of plaintiff and against defendants in the amount of $62,749.63, inclusive of interest and costs, is unanimously affirmed, with costs.

Defendant, as general contractor for the New York City Department of Sanitation for the construction of a marine waste transfer station, hired plaintiff as a subcontractor. During construction, the City deleted and modified one of the items subcontracted to plaintiff. Defendant passed on the revised plans to plaintiff, who responded with a letter to defendant offering to complete the work for $110,800. Defendant orally instructed plaintiff to proceed with the work expeditiously, and plaintiff complied. However, after the work was completed, the City agreed to pay defendant only $82,715 for the item. Defendant then informed plaintiff that it would not pay the price quoted in the letter, but would pay for the item only on a time and materials basis.

We agree with IAS that defendant accepted the offer contained in plaintiff's letter to do the job for a fixed price by instructing plaintiff to proceed with the job. The fact that defendant was paid by the City on a time and materials basis did not prevent it from agreeing to accept a fixed price as tendered by plaintiff. It makes no difference that defendant was unable to convince the City to pay more than $82,715 for the item subcontracted, since defendant's obligation to pay plaintiff the agreed upon price was independent of its receipt of payment from the City (see, Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co., 49 AD2d 60, affd 40 NY2d 883; Grossman Steel & Aluminum Corp. v Samson Window Corp., 54 NY2d 653, affg 78 AD2d 871). And, since defendant accepted plaintiff's offer to perform the work for a fixed price,

there was no breach by plaintiff of any obligation to provide defendant with documentation necessary to support defendant's time and materials claim against the City, although it claims to have cooperated in this regard.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.