■ SKYLINE ENTERPRISES OF N. Y. CORP., Appellant-Respondent, v AMURAM REALTY CO., INC., Respondent-Appellant. [732 NYS2d 881] —In an action, inter alia, to compel specific performance of a contract, (1) the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated June 5, 2000, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) and CPLR 6514 to dismiss the complaint and cancel the notice of pendency, and denied its cross motion for summary judgment, and (2) the defendant appeals from an amended order of the same court, dated June 30, 2000, which, sua sponte, dismissed its counterclaims.

Ordered that on the Court's own motion, the defendant's notice of appeal from the amended order dated June 30, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that order dated June 5, 2000, is modified, on the law, by deleting the provision thereof granting the motion to dismiss the complaint and cancel the notice of pendency, and substituting therefor a provision denying the motion; as so modified, the order dated June 5, 2000, is affirmed; and it is further,

Ordered that the amended order is vacated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court improperly granted the defendant's motion to dismiss the complaint and cancel the notice of pendency based upon a misdescription of the plaintiff in the contract of sale, as the plaintiff adequately demonstrated that it was "really intended by the parties to be the corporate entity described in the contract by the colloquial title" (*Mail & Express Co. v Parker Axles,* 204 App Div 327, 328; *see, McGary v People,* 45 NY 153).

The plaintiff's cross motion for summary judgment on the complaint was properly denied, as there are issues of fact concerning whether the plaintiff was in default and whether the defendant was entitled to cancel the contract (*see, Ehrlich v Island Plus Agency,* 205 AD2d 579).

The Supreme Court did not have the authority to dismiss the defendant's counterclaims since that issue was not presented in the plaintiff's cross motion for summary judgment on the complaint, and the record does not indicate that any other motion for summary judgment was made requesting that relief (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429; *Glickman v Nanuet Mall Mgt. Co.,* 259 AD2d 518; *City Wide Payroll Serv. v Israel Discount Bank,* 239 AD2d 537). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.