In the Matter of JAMES HARMON, JR., et al., Respondents, v IVY WALK INCORPORATED et al., Appellants. [853 NYS2d 289]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 11, 2006, which, inter alia, granted petitioners' motion to permanently stay mediation and arbitration, unanimously reversed, on the law, with costs, and the motion denied. Appeal from order, same court and Justice, entered December 29, 2006, which denied respondents' motion to renew and reargue, unanimously dismissed as taken from a nonappealable paper.

Petitioners entered into a contract with respondent Ivy Walk Incorporated (Ivy Walk) dated August 8, 2005 for interior renovations of the first floor of their private residence. The company was originally incorporated under the name "Ivy Walk Construction Company, Inc." in August 1997 and changed its name to "Ivy Walk, Inc." by certificate of amendment dated November 8, 2004. On or about May 2, 2005, when Ivy Walk renewed its home improvement license with the New York City Department of Consumer Affairs (DCA), it failed to inform the agency that it had shortened and changed its name to Ivy Walk, Inc., although its address, ownership, telephone and tax

identification numbers remained the same. A new home improvement license, under a different number, was issued by DCA to Ivy Walk, Inc. in or about September or October 2006, subsequent to the parties submitting their papers in connection with the underlying motion in this case.

The home improvement contract between the parties herein was an AIA Standard Form of Agreement Between Owner and Contractor, which incorporated the AIA's general conditions of the contract for construction as well as instructions to bidders and addenda prepared by petitioners' in-state architects. The instructions specified that one of the contractors was from out of state and specified the use of certain out-of-state components to be shipped to New York. The contract provided that New York law would govern. Section 4.6.1 of the general conditions provided that "Any Claim arising out of or related to the Contract . . . shall . . . be subject to arbitration" but that "Prior to arbitration, the parties shall endeavor to resolve disputes by mediation."

When petitioners' architect refused to certify payment application No. 6, Ivy Walk objected and served a demand for arbitration with a request for preliminary mediation in July 2006. Petitioners challenged this demand on the ground that the caption stated the name "Ivy Walk Corporation" rather than the name on the contract, "Ivy Walk Incorporated."

Ivy Walk served an amended demand for arbitration, correcting the name to "Ivy Walk Incorporated." By letter dated July 27, 2006 to the American Arbitration Association (AAA), petitioners objected and claimed the demand was defective since Ivy Walk was incorporated as "Ivy Walk, Inc." rather than "Ivy Walk Incorporated," stating they would not participate in an arbitration because "Ivy Walk Incorporated" was "a non-existent corporation" to which petitioners had "no obligation of any kind," and that the corporation "lacks standing to make, file or proceed with the Amended Demand." By letter dated August 1, 2006, AAA advised the parties that after careful review of the submissions in this case, it intended to proceed with the arbitration unless the parties agreed to a stay or a party obtained relief from a court.

Petitioners commenced this proceeding to permanently stay the mediation and arbitration, raising the same issue as its objection to arbitration. Petitioners also raised a claim that the AIA contract was void because they could not find the entity "Ivy Walk Incorporated" in any Department of Corporations or Department of Consumer Affairs database, and thus the corporation did not exist and could not be a home improvement

contractor pursuant to the Home Improvement Business Law of the City of New York.

Respondents argued that Ivy Walk, Inc. was a duly filed and existing corporation, and petitioners cited no cases to support the claimed distinction between using "Incorporated" or "Inc." Moreover, they stated that the company had obtained a license under its then existing name, Ivy Walk Construction Company, Inc., from the DCA to operate a home improvement business, and that license was still valid. Finally, Ivy Walk contended that all issues of fact, including issues regarding incorporation or licenses, were to be determined by an arbitrator.

In reply, petitioners argued for the first time that the license was invalid because it was issued to the corporation in its former name, and the failure to notify DCA of "any change or control in ownership, management or business name or location" violated New York City Administrative Code § 20-393 (7), rendering the agreement to arbitrate between the parties void. The IAS court accepted this argument and granted petitioners' motion to permanently stay mediation and arbitration.

Ivy Walk appealed and moved for reargument/renewal on the grounds that the court failed to consider the application of the Federal Arbitration Act (9 USC § 1 *et seq.*) and *Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.* (4 NY3d 247 [2005]). It also submitted additional facts to demonstrate that the project involved interstate commerce. The IAS court denied reargument and made no separate ruling as to renewal.

The Home Improvement Business Law (Administrative Code of City of NY, tit 20, ch 2, subch 22) is a consumer protection statute whose intent was to safeguard and protect consumers against fraudulent practices and inferior work by persons and businesses claiming to be home improvement contractors (Administrative Code § 20-385; *see B & F Bldg. Corp. v Liebig*, 76 NY2d 689, 692 [1990]). The Administrative Code provides that those who conduct home improvement contractor businesses must be licensed (§ 20-387 [a]) and strict compliance with this licensing requirement is mandatory (*Hanjo Contrs. v Wick*, 155 AD2d 304 [1989]).

Here, it is undisputed that Ivy Walk Construction Company, Inc. had a license issued by DCA. It is also undisputed that at all times, Ivy Walk, by whatever name it used, had the same address, the same ownership, the same phone number and the same tax identification number. The issue, therefore, is whether Ivy Walk's failure to notify DCA of its name change, as required by section 20-393 (7), voided its license and, by extension, the

contract. Initially, it is important to note that section 20-393 applies only to licensed contractors. The court, by finding a violation of that section, acknowledged that Ivy Walk was a licensed contractor. The Administrative Code treats violations by licensed contractors (§ 20-392) differently from violations by unlicensed contractors (§ 20-401), and provides notice and due process requirements (§ 20-399) before imposition of a penalty against a licensee. Indeed, one such potential penalty is suspension of the contractor's license. The appropriate penalty to be imposed rests with the Commissioner. Only after a penalty is imposed do the courts enter into the controversy, by way of judicial review (Administrative Code § 20-400).

Here, the court circumvented the procedures set forth in the Administrative Code regarding the due process requirements applicable to Ivy Walk as a licensed contractor. Although it recognized that "Ivy Walk, Inc." was merely a shorter name of the company under which the license was held, it found that such change, since it was not reported to DCA, mandated a voiding of the contract. However, it has long been held that "a corporation may be known by several names in the transaction of its business, and it may enforce and be bound by contracts entered into in an adopted name other than the regular name under which it was incorporated" (*Mail & Express Co., Inc. v Parker Axles, Inc.*, 204 App Div 327, 329 [1923]). This is particularly true where there is no confusion as to the parties involved in the contract (*R.P.I. Servs., Inc. v Eisenberg*, 29 AD3d 459 [2006]). There is no issue here that the parties did not know whom they were dealing with, since Ivy Walk had the same principals, offices and contact information as those on file with DCA. While it did not comply with the name change requirements of the Administrative Code, that issue should be addressed as set forth in the Administrative Code, not in the context of an action to stay arbitration.

Accordingly, the parties are directed to proceed to arbitration pursuant to the terms of the contract.

In view of the foregoing, it is not necessary to address respondent's arguments regarding the Federal Arbitration Act. Concur—Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ. [*See* 2006 NY Slip Op 30018(U).]