MINELLI CONSTRUCTION CO., INC., Respondent, v VOLMAR CONSTRUCTION, INC., et al., Appellants, et al., Defendants. [917 NYS2d 687]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248

[1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Volmar Construction, Inc. (hereinafter Volmar), was the general contractor on a construction project to renovate a school for the New York City School Construction Authority (hereinafter the SCA). The plaintiff subcontractor performed certain masonry work on the project. When Volmar failed to pay the plaintiff for the work performed, the plaintiff filed a notice of mechanic's lien pursuant to Lien Law § 5, which Volmar discharged by obtaining a bond from the defendant Travelers Casualty and Surety Company of America (hereinafter Travelers) (*see* Lien Law § 21). The plaintiff commenced this action against, among others, Volmar and Travelers (hereinafter together the defendants), seeking, inter alia, to recover damages for breach of contract or in quantum meruit, and to foreclose its mechanic's lien. The plaintiff moved, among other things, for summary judgment on its first, second, and third causes of action asserted against the defendants to the extent of awarding it the principal sum of $498,000, which it claimed was the amount of its subcontract. The Supreme Court granted those branches of the motion, and a judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $498,000.

"[T]he existence of a binding contract is not dependent on the subjective intent" of the parties (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *see Mencher v Weiss*, 306 NY 1, 7 [1953]). "In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look, rather, to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d at 399; *see Mencher v Weiss*, 306 NY at 7; *Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]). "Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d at 589). "The manifestation or expression of assent necessary to form a contract may be by word, act, or conduct which evinces the intention of the parties to contract" (*Maffea v Ippolito*, 247 AD2d 366, 367 [1998]; *see Knight v Barteau*, 65 AD3d 671, 672 [2009]).

Here, while a letter of intent to enter into a subcontract which was issued by Volmar to the plaintiff was expressly contingent

upon approval of the plaintiff's proposal by the SCA, the letter of intent did not constitute a binding contract, since it was merely an "agreement to agree" (*Rivera v Alaimo*, 54 AD3d 325, 326 [2008]; *see Pelham Commons Joint Venture v Village of Pelham*, 308 AD2d 520 [2003]), and was not signed by the parties. Rather, the plaintiff demonstrated, as a matter of law, that the parties' contract was formed subsequent to the issuance of this letter by Volmar's acceptance of the plaintiff's written offer to perform certain masonry work for a fixed price of $498,000, through Volmar's "acquiescent conduct" (*Eldor Contr. Corp. v County of Nassau*, 272 AD2d 509, 509 [2000]; *see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]; *Birk Iron Works v Van Tulco, Inc.*, 178 AD2d 137 [1991]). Specifically, in light of (1) the plaintiff's express refusal to negotiate the project as a change order, as sought by the SCA, rather than as a new contract, (2) the plaintiff's firm and consistent commitment to the price it quoted, which was sent to Volmar in writing on several occasions, (3) Volmar's admission that the SCA provided it with an architect's/engineer's estimate of the work, which estimate was comparable to the plaintiff's price, and (4) the testimony of Volmar's project manager that he had reviewed the plaintiff's proposal and was "comfortable with th[e] dollar figure," the plaintiff demonstrated that Volmar's direction to the plaintiff to perform the work constituted an objective manifestation of assent to its price (*see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]; *Eldor Contr. Corp. v County of Nassau*, 272 AD2d 509 [2000]; *Birk Iron Works v Van Tulco, Inc.*, 178 AD2d 137 [1991]). The fact that Volmar retained the plaintiff's first requisition (sent when 25% of the work was done), which contained the $498,000 price, and did not communicate to the plaintiff at that time that there was no agreement as to that price, provides additional evidence that Volmar had accepted this term (*see Brown Bros. Elec. Contrs v Beam Constr. Corp.*, 41 NY2d at 400). Further substantiating Volmar's acceptance of the term was the fact that it filed a notice of claim with the SCA to recover the sum of $498,000 for the plaintiff's work, which amount it described in a sworn affidavit as "[t]he fair and reasonable value of the . . . work" (*cf. Woodward v Tan Holding Corp.*, 32 AD3d 467, 470 [2006]). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.

While the Supreme Court properly awarded the plaintiff summary judgment on its causes of action to recover damages for breach of contract and to foreclose its mechanic's lien in the principal sum of $498,000, we note that the plaintiff was not entitled to an award of summary judgment on its second cause

of action to recover damages in quantum meruit (*see Parker Realty Group, Inc. v Petigny*, 14 NY3d 864, 866 [2010]).

The plaintiff's remaining contention is without merit.

Accordingly, the plaintiff was properly awarded judgment against the defendants in the principal sum of $498,000. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.