■ ASSOS CONSTRUCTION CORP., Respondent-Appellant, v 1141 REALTY LLC, Appellant-Respondent. [993 NYS2d 23]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 7, 2013, after a nonjury trial, awarding plaintiff $258,000 plus prejudgment interest from August 23, 2013, and costs and disbursements, unanimously modified, on the law, to reduce the award to $248,000, plus prejudgment interest calculated from March 28, 2011, and otherwise affirmed, without costs. Appeal from the order, same court and Justice, entered August 23, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Contrary to defendant project owner's contention, the documents detailing the scope of steel work to be performed by plaintiff subcontractor and setting a price for the work, are valid contracts that are binding on defendant. The documents were signed by defendant's manager, and a mere misnomer in the name of the corporate entity will not free it from liability

under the contract (see *Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952 [1st Dept 1968]; cf. *Skyline Enters. of N.Y. Corp. v Amuram Realty Co.*, 288 AD2d 292 [2d Dept 2001] [misidentification of corporate plaintiff in contract does not preclude plaintiff from enforcing contract]). The contracts are sufficiently definite and evince an obligation on the part of defendant to pay the price stated for the work. This is not inconsistent with the contract between defendant and the general contractor which specifically permitted defendant to contract directly with other contractors.

Defendant's argument that it should be credited for payments it made to plaintiff with moneys from the general contractor's account is unavailing. The trial court's determination that defendant was not authorized by the general contractor to make such payments from the account is not incompatible with the evidence and should not be disturbed (*Horsford v Bacott*, 32 AD3d 310, 312 [1st Dept 2006], *affd* 8 NY3d 874 [2007]). However, plaintiff acknowledges that a $10,000 credit is owed to defendant for work that was not performed.

Plaintiff's argument on its cross appeal, that it is entitled to payment from defendant for change work orders signed by the former president of the general contractor, is unavailing. The trial court's rejection of the explanation offered by plaintiff's principal and the general contractor's former president, that the general contractor's former principal only signed the change work orders to signify that the work had been completed, is not incompatible with the evidence and should not be disturbed (*id.*). Plaintiff is entitled to prejudgment interest from the "earliest ascertainable date the cause of action existed" (CPLR 5001 [b]), which, in this case, is the date the complaint was served, March 28, 2011. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.