■ CIVILIZED PEOPLE, INC., Respondent, v MILK STREET CAFÉ, INC., Appellant. [10 NYS3d 611]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Galasso, J.), entered December 28, 2012, which granted the plaintiff's motion for summary judgment on the amended complaint and denied its cross motion for summary judgment dismissing the amended complaint, and (2) a judgment of the same court dated January 10, 2013, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $11,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff entered into a contingency search agreement with "Milk Street Café" to provide management recruiting services for a restaurant located at 40 Wall Street in Manhattan. The contract was executed on May 26, 2011, by Marc Epstein, as owner of Milk Street Café.

The plaintiff's president exchanged emails with the general manager of "Milk Street Café" concerning the status of her progress in finding employees pursuant to the subject contract. The general manager's email address was *mbalsamomilkstreet-cafe.com* and the signature block on his email provided the website address of *www.milkstreetcafe.com*. When the plaintiff failed to receive full payment for its services rendered under the subject contract, it commenced this action, inter alia, to re-

cover damages for breach of contract against the defendant Milk Street Café, Inc., a Massachusetts corporation, located at 50 Milk Street in Boston. In its answer to the amended complaint, the defendant contended that it was not a party to the subject contract and that the contract had been entered into between the plaintiff and Milk Street Café NY, LLC, a Delaware limited liability company with its place of business at 40 Wall Street in New York.

The plaintiff moved for summary judgment on the amended complaint, and the defendant cross-moved for summary judgment dismissing the amended complaint. The Supreme Court granted the motion and denied the cross motion. Thereafter, the Supreme Court entered judgment in favor of the plaintiff.

"[T]he existence of a binding contract is not dependent on the subjective intent of either [contracting party]" (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *see Minelli Constr. Co., Inc. v Volmar Constr., Inc.*, 82 AD3d 720, 721 [2011]). Instead, "[i]n determining whether the parties entered into a contractual agreement . . . it is necessary to look, rather, to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d at 399; *see Minelli Constr. Co., Inc. v Volmar Constr., Inc.*, 82 AD3d at 721). "[W]here a question of intention is determinable by written agreements, the question is one of law" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291 [1973]). Further, "it has long been held that 'a corporation may be known by several names in the transaction of its business, and it may enforce and be bound by contracts entered into in an adopted name other than the regular name under which it was incorporated' " (*Matter of Harmon v Ivy Walk Inc.*, 48 AD3d 344, 347 [2008], quoting *Mail & Express Co., Inc. v Parker Axles, Inc.*, 204 App Div 327, 329 [1923]).

Here, the plaintiff established, prima facie, its entitlement to judgment as a matter of law on its breach of contract cause of action by submitting a copy of the subject contract and the affidavit of its president, which established that the objective manifestation of the parties' intent was to bind the defendant to the contract (*see Assos Constr. Corp. v 1141 Realty LLC*, 120 AD3d 1151, 1151-1152 [2014]; *Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952 [1968]; *see also Skyline Enters. of N.Y. Corp. v Amuram Realty Co.*, 288 AD2d 292, 293 [2001]). According to the affidavit of the plaintiff's president, at the time the subject contract was entered into, she was aware of the type of business in which the defendant was engaged and

that it was located in Boston. She stated that the general manager explained to her that Milk Street Café wanted to bring the same high quality dairy kosher food known in Massachusetts to the New York market. The plaintiff's president asserted that she never knew of the existence of a separate entity known as Milk Street Café NY, LLC, when the subject contract was executed or during the time that she was looking for an appropriate candidate for employment by Milk Street Café. The plaintiff's president noted that the general manager's emails were from Milk Street Café and that Epstein did not amend the subject contract to demonstrate that Milk Street Café NY, LLC, was the contracting party rather than the defendant.

In opposition, the defendant failed to raise a triable issue of fact as to whether it was a party to the subject contract (see *Matter of Harmon v Ivy Walk Inc.*, 48 AD3d at 347). It submitted an affidavit from Epstein in opposition to the plaintiff's motion and in support of its cross motion in which Epstein stated that he was the president of the defendant and the owner of Milk Street Café NY, LLC. The defendant also submitted excerpts from Epstein's deposition testimony in which he explained that, at the time Milk Street Café NY, LLC, was first formed, it was owned 50% by him and 50% by the defendant. Despite proof submitted by the defendant that it owns the trademark and domain name of Milk Street Café which it licensed to Milk Street Café NY, LLC, pursuant to a license agreement entered into on March 4, 2011, and that Milk Street Café NY, LLC, entered into a lease agreement for 40 Wall Street, there was no evidence that the plaintiff was made aware of this information when the subject contract was entered into.

The defendant's remaining contentions are without merit.

Thus, the Supreme Court properly granted the plaintiff's motion for summary judgment on the amended complaint and, for the same reason, properly denied the defendant's cross motion for summary judgment dismissing the amended complaint. Accordingly, the Supreme Court properly entered a judgment in favor of the plaintiff and against the defendant. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.