Gator Hillside Vil., LLC v Schuckman Realty, Inc. (2018 NY Slip Op 01178)





Gator Hillside Vil., LLC v Schuckman Realty, Inc.


2018 NY Slip Op 01178


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-03883
2016-09988
 (Index No. 15368/13)

[*1]Gator Hillside Village, LLC, respondent, 
v
Schuckman Realty, Inc., appellant.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for appellant.
Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, Uniondale, NY (Elbert F. Nasis, Tara L. Sorensen, and Daniel Dornfeld of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 4, 2016, which granted the plaintiff's motion for summary judgment declaring the amount of the brokerage commission due to the defendant from the negotiation of a certain lease agreement and, in effect, dismissing the defendant's counterclaims, and (2), as limited by its brief, from so much of a judgment of the same court dated July 15, 2016, as, upon the order, declared that the brokerage commission due to the defendant was five percent of the rent for the first five years of the lease agreement, equaling $24,650, and dismissed the defendant's counterclaims.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff is the owner of a shopping center in Smithtown, which had commercial space for lease. The defendant is a real estate brokerage firm. One of its agents, Ari Malul, sent the plaintiff a letter of intent on behalf of a client, proposing to begin negotiations on a 10-year lease agreement. The initial proposal included an obligation by the plaintiff to pay the defendant a brokerage fee based on a certain rate. Negotiations ensued between Malul and James Goldsmith, the president of the plaintiff. During the negotiations, Goldsmith made it clear that the plaintiff would not pay the brokerage fee demanded by the defendant. In an email to Malul dated October 30, 2011, Goldsmith made a take-it-or-leave-it counteroffer in which the plaintiff would pay the defendant a commission of five percent of the rent for the first five years of the lease agreement if [*2]it wanted to move forward on the deal. Malul did not object to or reject the offer, but instead indicated that he would speak to his client regarding a good faith deposit. Subsequently, the lease agreement was entered into between the plaintiff and the client, with no further discussions of the brokerage fee. The defendant then demanded from the plaintiff a brokerage fee based on the rate set forth in its initial letter of intent. The plaintiff refused to pay that amount, and eventually commenced this action seeking a judgment declaring the amount of the brokerage commission due. The defendant served an answer with counterclaims seeking payment of the brokerage fee. The plaintiff moved for summary judgment on the complaint and, in effect, dismissing the counterclaims. The Supreme Court granted the motion and entered a judgment declaring that the brokerage commission due to the defendant is five percent of the rent for the first five years of the lease agreement, equaling $24,650, and dismissed the defendant's counterclaims. The defendant appeals.
"[T]he existence of a binding contract is not dependent on the subjective intent of [the parties]" (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399; see Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d 761, 762; Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d 720, 721). "In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look, rather, to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d at 399; see Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d at 762; Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d at 721). "That means, simply, that the manifestation of a party's intention rather than the actual or real intention is ordinarily controlling" (Mencher v Weiss, 306 NY 1, 7; see Hotchkiss v National City Bank of N.Y., 200 F 287, 293 [SD NY], affd 201 F 664 [2d Cir], affd 231 US 50).
Here, the plaintiff established, prima facie, its entitlement to a judgment declaring that the brokerage commission due was five percent of the rent for the first five years of the lease agreement by submitting evidence that the defendant did not reject the counteroffer, but instead proceeded to have its client enter into the lease agreement. "While mere silence, when not misleading, cannot be construed as acceptance, a counteroffer may be accepted by conduct" (Daimon v Fridman, 5 AD3d 426, 427 [citation omitted]; see McIntosh v Niederhoffer, Cross & Zeckhauser, 106 AD2d 774, 775; John William Costello Assocs. v Standard Metals Corp., 99 AD2d 227, 231; cf. Matter of Albrecht Chem. Co. [Anderson Trading Corp.], 298 NY 437, 440). The defendant's conduct of moving forward with the lease agreement upon receiving the plaintiff's counteroffer established that the objective manifestation of the parties' intent was an agreement to the brokerage rate set forth in the counteroffer (see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d at 399; Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d at 762; Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d at 721). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court