Utica Bldrs., LLC v Collins (2019 NY Slip Op 07312)





Utica Bldrs., LLC v Collins


2019 NY Slip Op 07312


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-03184
 (Index No. 508633/16)

[*1]Utica Builders, LLC, appellant-respondent,
v
William M. Collins, respondent-appellant.


Ginsburg & Misk LLP, Queens Village, NY (Hal R. Ginsburg of counsel), for appellant-respondent.
Alaba A. Rufai, Jamaica, NY, for respondent-appellant.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 15, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and canceling the notice of pendency. The order, insofar as cross-appealed from, denied those branches of the defendant's motion which were for summary judgment on his counterclaim alleging breach of contract and to direct the plaintiff to pay costs and expenses pursuant to CPLR 6514(c).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In March 2015, the defendant entered into negotiations with the plaintiff for the sale of the defendant's real property located in Brooklyn. On March 6, 2015, the plaintiff submitted a proposal to purchase the property for $590,000, with a deposit of $29,500. Subsequently, the defendant sent the plaintiff an unexecuted proposed contract of sale that included the plaintiff's proposed price terms and provided that the property would be sold as is. On or about March 19, 2015, the plaintiff submitted to the defendant a check in the amount of $29,500 as a deposit and four signed copies of the contract of sale with handwritten additions stating, inter alia, that the defendant represented that the "[p]remises are a legal (2) family dwelling as per the certificate of occupancy." On or about March 26, 2015, the defendant's attorney changed the handwritten description of the premises from "(2) family dwelling" to "(1) family dwelling," and sent two original copies of the fully executed contract of sale back to the plaintiff's attorney.
On May 18, 2015, the defendant attempted to schedule a closing. On May 22, 2015, the plaintiff informed the defendant that it would not close unless the defendant provided either a certificate of occupancy designating the premises as a two-family dwelling or a letter of no objection to that effect. The plaintiff further stated that if the defendant failed to comply with this request, the plaintiff would consider the contract canceled and demand the return of its deposit. On May 28, 2015, the defendant declared that the plaintiff had defaulted under the contract and stated that if the plaintiff did not cure the default by closing on or before June 8, 2015, the defendant would treat the default as final. The plaintiff denied the existence of a binding contract between the parties and [*2]demanded the return of its deposit.
On June 2, 2015, the defendant objected to the plaintiff's demand for the return of the deposit, declared the plaintiff to be in breach of the contract, and demanded the release of the plaintiff's deposit to him. The defendant's counsel asserted that the parties' correspondence in preparing for the closing "does not suggest that there was no meeting of the mind[s]." On the same day, the plaintiff responded with a letter restating its demand for the return of the deposit and reiterating its argument that no contract had ever been formed because the handwritten modifications to the proposed contract were material to the transaction.
In May 2016, the plaintiff commenced this action for specific performance of the contract of sale. The defendant filed an answer with counterclaims seeking liquidated damages in the amount of the plaintiff's deposit for the plaintiff's alleged breach of the contract, and costs and expenses pursuant to CPLR 6514(c). The defendant moved for summary judgment dismissing the complaint and canceling the notice of pendency, for summary judgment on his breach of contract counterclaim, and to direct the plaintiff to pay costs and expenses pursuant to CPLR 6514(c). In an order dated March 15, 2017, the Supreme Court determined that the parties never entered into an enforceable contract for the sale of the subject property. The court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and canceling the notice of pendency, and denied those branches of the defendant's motion which were for summary judgment on his breach of contract counterclaim and to direct the plaintiff to pay costs and expenses pursuant to CPLR 6514(c). The plaintiff appeals, and the defendant cross-appeals.
We agree with the Supreme Court's determination that there was no binding contract for the sale of the subject property. "[T]he existence of a binding contract is not dependent on the subjective intent of [the parties]. In determining whether the parties entered into a contractual agreement . . . , it is necessary to look, rather, to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399 [citation omitted]; see Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d 761, 762; Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d 720). To create a binding contract, "there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [internal quotation marks omitted]; see Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1030). "Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589). "Specific performance may be awarded only where there is a valid existing contract for which to compel performance" (Rojas v Paine, 101 AD3d 843, 846; see Roland v Benson, 30 AD3d 398, 399).
Here, the documentary evidence established that the parties were never truly in agreement with respect to all material terms, because the plaintiff did not intend to pay the proposed contract price for a one-family dwelling, and the defendant could not or would not represent that the subject property was a legal two-family dwelling. The plaintiff's signing of the proposed contract did not create a binding agreement between the parties, as the plaintiff's acceptance was conditioned on material changes to the contract and, thus, constituted a counteroffer, which the defendant did not accept. Because the parties never came to a meeting of the minds regarding essential terms of the agreement, there was no binding and enforceable contract between the parties (see Winiarski v Duryea Assoc., LLC, 14 AD3d 697, 698; Kling Real Estate v DePalma, 306 AD2d 445; Harper v Rodriguez, 272 AD2d 372). Therefore, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint and canceling the notice of pendency, and to deny that branch of the defendant's motion which was for summary judgment on his breach of contract counterclaim. Moreover, the court providently exercised its discretion in denying that branch of the defendant's motion which was to direct the plaintiff to pay costs and expenses pursuant to CPLR 6514(c) (see 413 Throop, LLC v Triumph, the Church of the New Age, 153 AD3d 1306, 1307-1308).
In view of the foregoing, we need not reach the parties' remaining contentions.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court