Churong Liu v Gabbay (2023 NY Slip Op 04108)

Churong Liu v Gabbay

2023 NY Slip Op 04108

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-08606
 (Index No. 719123/19)

[*1]Churong Liu, appellant, 
v
Abraham Gabbay, also known as Ebrihim Aida Gabbay, doing business as Dansha Corp., respondent, et al., defendant.

Law Office of Mary T. Dempsey, P.C., New York, NY, for appellant.
Muchmore & Associates, PLLC, Brooklyn, NY (Maximilian Travis and Ashley Crooks of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered October 7, 2020. The order, insofar as appealed from, granted the motion of the defendant Abraham Gabbay, also known as Ebrihim Aida Gabbay, doing business as Dansha Corp., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Abraham Gabbay, also known as Ebrihim Aida Gabbay, doing business as Dansha Corp., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is denied.
The plaintiff commenced this action against the defendant Abraham Gabbay, also known as Ebrihim Aida Gabbay, doing business as Dansha Corp. (hereinafter Gabbay), and another, to recover damages for breach of contract and money had and received arising from the alleged breach of a home renovation contract that she entered into with "Dansha Corp." as general contractor. Gabbay executed the contract on behalf of "Dansha Corp.," an entity that does not exist, and was not himself a party to the contract. Prior to discovery, Gabbay moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him on the ground that he was not a party to the subject contract and had signed it in his capacity as president of "Dansha Realty Corp." Gabbay explained, in an affidavit submitted in support of his motion, that "Dansha Corp." is a trade name or "d/b/a" for "Dansha Realty Corp.," an entity that does exist. In an order entered October 7, 2020, the Supreme Court, inter alia, granted Gabbay's motion. The plaintiff appeals, and we reverse.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d 750, 751-752, quoting Palero Food Corp. v Zucker, 186 AD3d 493, 495; see Marinelli [*2]v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it[,] . . . dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715-716, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "'Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss'" (Litvinoff v Wright, 150 AD3d 714, 716, quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see Parekh v Cain, 96 AD3d 812, 815). "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715; see Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d at 751).
Here, the Supreme Court erred in granting Gabbay's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him. Although there is "no individual liability for principals of a corporation for actions taken in furtherance of the corporation's business" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 966 [internal quotation marks omitted]), "'a person entering into a contract on behalf of a nonexistent corporate entity may be held personally liable on the contract'" (Sutton v Houllou, 191 AD3d 1031, 1032, quoting Commissioners of State Ins. Fund v Staulcup, 95 AD3d 1259, 1261; see BCI Constr., Inc. v Whelan, 67 AD3d 1102; Spring Val. Improvements, LLC v Abajian, 40 AD3d 619, 620; San Sung Korean Methodist Church of N.Y. v Professional USA Constr. Corp., 14 AD3d 501, 502). Here, accepting the allegations in the complaint as true and giving the plaintiff the benefit of every possible favorable inference, the complaint states causes of action against Gabbay to recover damages for breach of contract (see Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159) and money had and received (see Litvinoff v Wright, 150 AD3d at 716). There is no dispute that "Dansha Corp.," the entity named as the general contractor in the contract, does not exist. Furthermore, the evidence submitted by Gabbay failed to conclusively establish that "Dansha Realty Corp." was the intended party to the contract for purposes of a prediscovery CPLR 3211 motion to dismiss (see Litvinoff v Wright, 150 AD3d at 716; cf. Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d 761, 763; JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d 453, 455; Matter of Harmon v Ivy Walk Inc., 48 AD3d 344; Quebecor World [USA], Inc. v Harsha Assoc., L.L.C., 455 F Supp 2d 236, 242-243 [WD NY]). The affidavit submitted by Gabbay in support of the motion was not "documentary" within the meaning of CPLR 3211(a)(1) (see Hartnagel v FTW Contr., 147 AD3d 819, 821; Anderson v Armentano, 139 AD3d 769, 770-771; Fontanetta v John Doe I, 73 AD3d 78, 86), and the remainder of the evidence, including invoices sent to the plaintiff from "Dansha Corp.," do not prove that "Dansha Corp." is a trade name for "Dansha Realty Corp." (cf. JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d at 455; Matter of Harmon v Ivy Walk Inc., 48 AD3d 344).
Accordingly, the Supreme Court should have denied Gabbay's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court