**Stumacher v Medical Liab. Mut. Ins. Co.**

2025 NY Slip Op 31014(U)

March 31, 2025

Supreme Court, New York County

Docket Number: Index No. 157477/2024

Judge: Judith N. McMahon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDITH N. MCMAHON**    PART    **30M**

*Justice*

-----------------------------------------------------------------------X

RICHARD STUMACHER,

                  Plaintiff,

- v -

MEDICAL LIABILITY MUTUAL INSURANCE COMPANY,
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN,
KEVIN RYAN

                  Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157477/2024 |
| MOTION DATE | 03/19/2025, 03/19/2025 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 42, 44, 47

were read on this motion to/for           **DISMISS**        .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 45, 46, 48

were read on this motion to/for           **DISMISSAL**        .

Upon the foregoing documents, the defendants' pre-answer CPLR 3211 (a) motions to dismiss portions[1] of plaintiff's complaint, as made by the defendant MLMIC Insurance Company, formerly known and sued herein as Medical Liability Mutual Insurance Company (hereinafter "MLMIC") (Motion Seq. No. 001) and the defendants, Marshall Dennehey Warner Coleman & Goggin a/k/a Marshall Dennehey, P.C. (hereinafter "Marshall Dennehey") and Kevin Ryan (hereinafter "Attorney Ryan"), are denied.

In his 29-page four count Complaint (*see* NYSCEF Doc. No. 6) Dr. Richard Stumacher, (one of several defendant physicians in an underlying medical malpractice case entitled

---

[1] MLMIC moves to dismiss plaintiff's "Third" Cause of Action, and Marshall Dennehey and Attorney Ryan, against whom the "Fourth" Cause of Action alleges legal malpractice, move to dismiss plaintiff's complaint in its entirety.

**157477/2024 STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE COMPANY ET AL**
**Motion No. 001 002**

Page 1 of 7

1 of 7

[* 1]

*Keimoneia Redish v. Darryl Adler, et., al.*, Supreme Court, Bronx County, Index No: 310294/2011), sets forth causes of action **against** his medical malpractice liability carrier, **MLMIC,** for: (1) acting in bad faith by, *inter alia,* assigning a single law firm to represent Dr. Stumacher and two other physicians--with competing interests--and failing to settle the underlying *Redish* case within Dr. Stumacher's policy limits ("First" Cause of Action); (2) breaching its contractual covenant of good faith and fair dealing ("Second" Cause of Action); (3) punitive damages in the amount of $20,000,000.00 (TWENTY MILLION DOLLARS) for "placing its own business and financial interests in conducting bad faith insurance claims practices over and above the financial and business interests of millions of claimants injured by MLMIC insureds nationwide..."("Third" Cause of Action; *see* NYSCEF Doc. No. 6 para 103) and, as **against** the remaining defendants **Marshall Dennehy and Attorney Ryan,** for (4) legal malpractice in their representation of Dr. Stumacher during the *Redish* trial ("Fourth" Cause of Action).

It is undisputed that the plaintiff, Keimonieia Redish, was hospitalized at St. Barnabas Hospital from December 4, 2010, through January 25, 2011, for treatment of severe asthma. During her stay, where she received care from several physicians including MLMIC insureds Darryl Adler, M.D., Ronald Ciubotaru, M.D., and Dr. Stumacher[2], Mrs. Redish suffered a neurological insult resulting in brain damage, confinement to a wheelchair, and difficulty speaking and communicating. On April 12, 2019, a jury returned a verdict in Redish's favor for $60 MILLION dollars for past pain and suffering, $30 MILLION dollars for future pain and suffering, and $15,100,000.00 in economic damages. The pain and suffering award was reduced to $10 MILLION on appeal, and the present value of the judgment, as of the date of entry, is

---

[2]     These three attending physicians were all represented by Marshall Dennehey.

**157477/2024   STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE COMPANY ET AL**
**Motion No.  001 002**

Page 2 of 7

2 of 7

$22,926,519.82 with statutory interest running from January 23, 2020. The jury held Dr. Stumacher 25% at fault for Mrs. Redish's injuries.

It is further undisputed that MLMIC insured Dr. Stumacher for medical malpractice pursuant to a "consent" policy that provided primary liability coverage in the amount of $1.3 MILLION per person. MLMIC also insured Dr. Adler and Dr. Ciubotaru under separate policies with a $1.3 MILLION liability limit, for a combined total of $3.9 MILLION in primary coverage. The Medical Malpractice Insurance Pool of New York ("MMIP") provided excess insurance to Dr. Adler, Dr. Ciubotaru, and Dr. Stumacher in the amount of $1 MILLION each, for combined excess limits of $3 MILLION dollars. Another defendant, Dr. Ahmed, was separately insured by Physician's Reciprocal Insurers ("PRI"), with primary and excess coverage in the total amount of $2.3 MILLION dollars. St. Barnabas Hospital was self-insured.

MLMIC, MMIP, and PRI have paid the limits of their policies in partial satisfaction of the Reddish judgment.

Dr. Stumacher alleges that, **unbeknownst to him**, on or about April 3, 2019, Redish's counsel submitted a written demand to MLMIC and Marshall Dennehy offering to settle all claims against Dr. Stumacher for his $2.3 million dollar policy limits, that MLMIC failed to offer its $1.3 million primary policy limits (and accordingly, did not trigger the excess carrier's obligation), and that as a result, Dr. Stumacher was exposed to a judgment far in excess of his policy limits, for which he remains jointly and severally liable.

Dr. Stumacher instituted the action *sub judice* on August 14, 2024, (*see* NYSCEF Doc. No. 1), and the defendants now move to dismiss some or all of Dr. Stumacher's Complaint pursuant to CPLR 3211(a) (1) and (7). Plaintiff opposes both motions.

157477/2024   STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE
COMPANY ET AL
Motion No. 001 002

Page 3 of 7

[* 3]

3 of 7

**MLMIC's MOTION TO DISMISS PUNITIVE DAMAGE CAUSE OF ACTION PURSUANT TO CPLR 3211 (a)(7)**

In support of its pre-answer motion to sever and dismiss a cause of action at this pre-discovery juncture, MLMIC argues, *inter alia*, that (1) there is no legally cognizable standalone cause of action for punitive damages; (2) punitive damages are not available in a bad faith claim involving the refusal to settle a medical malpractice claim within policy limits, and (3) the Complaint fails to plead sufficient facts to support a claim for punitive damages in this, a private breach of contract case, that does not seek to vindicate a public right or deter morally reprehensible conduct.

In opposition, plaintiff maintains that a viable cause of action can lie for **both** breach of contract and bad faith actions against an insurance company, and that a cause of action for punitive damages in a bad faith case is permissible (*see Pergament v. Government Empls. Ins. Co.*["GEICO"], 225 AD3d 799 [2d Dept. 2024]).

As previously indicated, MLMIC's motion is denied.

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Benjamin v. Yeroushalmi,* 212 AD3d 758, 760 [2d Dept. 2023]; [internal quotation marks omitted]; *see Leon v. Martinez,* 84 NY2d 83, 87-88 [1994]). "Where evidentiary materials are considered in support of a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can

**157477/2024 STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE COMPANY ET AL**
**Motion No. 001 002**

**Page 4 of 7**

4 of 7

[* 4]

be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Recine v. Recine,* 201 AD3d 827, 830 [2d Dept. 2022]; [internal quotation marks omitted]; *see Guggenheimer v. Ginzburg,* 43 NY2d 268, 274-275 [1977]).

This Court is mindful that "whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR 3211 motion to dismiss" (*Churong Liu v. Gabbay,* 219 AD3d 459, 460 [2d Dept. 2023]; [internal quotation marks omitted]; *see Maursky v Latham,* 219 AD3d 473, 474-475 [2d Dept. 2023]).

Here, plaintiff has set forth a cause of action for punitive damages as part and parcel of his allegation of bad faith exhibited by MLMIC. Plaintiff's 128 paragraph complaint pleads facts beyond a simple breach of contract action, inclusive of facts that allege egregious or morally reprehensible conduct by MLMIC on a nationwide level. In viewing the complaint in the light most favorable to plaintiff, and the court is constrained to do, Dr. Stumacher's Complaint also seeks to vindicate a public right. Accordingly, MLMIC's dismissal motion must be denied.

**MARSHALL DENNEHEY &ATTORNEY RYAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CPLR 3211 (a)(1) and CPLR 3211 (a)(7)**

In support of the CPLR 3211(a)(1) branch of its motion, movants argue that "undisputed documentary evidence" demonstrates that Marshall Dennehey repeatedly provided Dr. Stumacher with timely and comprehensive reporting on exposure risks, settlement developments, and analysis of the strategic decision to proceed with joint representation. These unauthenticated documents, entitled "Memo to File," are attached as exhibits F through H to the motion.

Movants further maintain, in support of dismissal under CPLR 3211(a)(7), that plaintiff's theory of proximate causation is impermissibly speculative and fails as a matter of law, since a

157477/2024   STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE
COMPANY ET AL
Motion No. 001 002

Page 5 of 7

[* 5]

5 of 7

potential for settlement within policy limits depended on the uncontrolled conduct of the co-defendant physicians and St. Barnabas Hospital.

In opposition, plaintiff is emphatic that he has set forth a cognizable cause of action sounding in legal malpractice against Marshall and Dennehey and Attorney Ryan by alleging, *inter alia*, (1) that Marshall and Dennehey improperly represented Dr. Stumacher and the other MLMIC insured physicians, who were not united in interest, for the firm's own financial gain; (2) that Marshall and Dennehey failed to inform Dr. Stumacher that he had the right to retain independent counsel at MLMIC's expense, and (3) that the firm failed to inform Dr. Stumacher of and failed to respond to the bad faith statement tendered by Mrs. Redish's counsel toward the end of the underlying trial.

Motion Seq. No. 002 is likewise denied.

Here, there is no documentary evidence such as a general release or an agreement to arbitrate that would be evidence to dismiss the complaint under CPLR 3211 (a) (1). Evidence must be in admissible form and properly authenticated (*Doe v. Intercontinental Hotels Group, PLLC* 193 AD3d 410 [1st Dept. 2021]). Plaintiffs may amplify these allegations in a bill of particulars (*see JG v. Goldfinger*, 161 AD3d 640, 641 [1st Dept. 2018]). Plaintiff argues that defendants are attempting to improperly and prematurely move for summary judgment before issue has joined and before discovery has ensued, when all that is necessary at this pre-discovery stage to defeat a 3211 a motion is for the plaintiff to state a cognizable cause of action recognized under the law.

Movants' attempt to have the complaint dismissed at this stage for failure to prove proximate cause is not ripe for discussion at this juncture.

Accordingly, it is

157477/2024 STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE COMPANY ET AL
Motion No. 001 002

Page 6 of 7

6 of 7

[* 6]

ORDERED that the defendants' motions are denied in their entirety; and it is further

ORDERED that the defendants serve Answers to plaintiff's Complaint within thirty (30) days of the date of the filing of this order; and it is further

ORDERED that the parties shall appear for a virtual discovery conference via Microsoft Teams on **May 15, 2025, at 10:00 a.m.**

| 3/31/2025 | | |
| --- | --- | --- |
| DATE | | |

CHECK ONE:

| | | | | |
| --- | --- | --- | --- | --- |
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | GRANTED | X DENIED | | GRANTED IN PART | OTHER |

APPLICATION:

| | SETTLE ORDER | | SUBMIT ORDER | |

CHECK IF APPROPRIATE:

| | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

Hon. Judith N. McMahon
J.S.C.

157477/2024  STUMACHER, RICHARD vs. MEDICAL LIABILITY MUTUAL INSURANCE COMPANY ET AL
Motion No. 001 002

Page 7 of 7

7 of 7