■ In the Matter of METAMORPHOSIS CONSTRUCTION CORPORATION, Respondent, v JEFFREY GLEKEL et al., Appellants. [668 NYS2d 594] —Judgment, Supreme Court, New York County (William Leibovitz, J.), entered July 16, 1997, which granted petitioner's application for a permanent stay of arbitration with respect to two counterclaims and for costs, including attorneys' fees, pursuant to 22 NYCRR part 130, unanimously affirmed, with costs.

It is well settled that a party will not be compelled to arbitrate absent evidence that affirmatively establishes an express agreement to do so (*see, Matter of Waldron [Goddess]*, 61 NY2d 181). The court properly stayed arbitration of the counterclaim against petitioner's president since he did not contract with respondent or agree to arbitration in his individual capacity (*see, Matter of Jevremov [Crisci]*, 129 AD2d 174). "[C]onflicting allegations as to the real intent of the parties herein are insufficient to create a triable issue in the face of [the corporate president's] signing of the contract in his official capacity only" (*supra*, at 176-177), and the court properly found that the contrary interpretation urged by respondents conflicted with reason and experience (*see, Salzman Sign Co. v Beck*, 10 NY2d 63, 66-67).

The court's determination that respondents' conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c), and consequent award of costs, including reasonable attorneys' fees and disbursements, was not an improvident exercise of discretion and therefore should not be disturbed (*see, McCue v McCue*, 225 AD2d 975, 977). Concur—Nardelli, J. P., Wallach, Williams and Mazzarelli, JJ.