■ PREMIER CAPITAL, Respondent, v DAMON REALTY CORP. et al., Appellants, et al., Defendants. SOLOMON ABRAHAMS, ESQ., Nonparty Appellant. [753 NYS2d 43] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered December 3, 2001, which purportedly denied defendants' motion to reargue, and granted plaintiff's cross motion to the extent of requiring defendant Carlos Portes and nonparty appellant Solomon Abrahams, Esq. to each pay plaintiff $5,000, unanimously affirmed, with costs.

Although the court's order "denied" the motion to reargue, by considering the merits of defendants' argument that their conduct was authorized by the filing of the bankruptcy petition, the court, in effect, granted reargument. Accordingly, the order, insofar as it adhered to the court's prior decision, is appealable (*Freitas v New York City Tr. Auth.*, 297 AD2d 270). Defendants' substantive arguments on appeal are, however, without merit. Even if, as defendants contend, the filing of the chapter 11 bankruptcy petition authorized defendant Damon to collect and retain rents notwithstanding the outstanding court order requiring such rents to be paid to a court-appointed receiver, which it did not (*see In re Koula Enters., Ltd.*, 197 BR 753, 758; *In re Constable Plaza Assoc., L.P.*, 125 BR 98, 102-103), the automatic stay effected by the filing of the petition lasted only six weeks, until November 16, 2001, and defendants offer no justification for their failure to comply with the court's orders in the 11 months preceding the bankruptcy petition or their continued violation of the court's orders following the lifting of the stay. The record overwhelmingly establishes defendants' willful and contumacious disobedience of Supreme Court's orders and supports the finding of civil contempt made against them in the order that is the focus of defendants' motion to reargue (*see Alpert v Alpert*, 261 AD2d 247, *appeal dismissed* 94 NY2d 859).

The court's direction that defendant Carlos Portes and nonparty appellant Solomon Abrahams reimburse plaintiff for costs occasioned by their frivolous conduct was an appropriate exercise of discretion (*see Matter of Metamorphosis Constr. Corp. v Glekel*, 247 AD2d 231; 22 NYCRR 130-1.1 [a]). The record amply supports the finding that defendant and Abrahams engaged in frivolous conduct since their conduct was "completely without merit in law," was "undertaken primarily to delay or prolong the resolution of the litigation" and involved their assertion of "material factual statements that [were] false" (22 NYCRR 130-1.1 [c] [1]-[3]). The court properly directed that the amounts exacted from defendant Carlos

Portes and Abrahams be paid to plaintiff, and not to the Lawyers' Fund for Client Protection, since the purpose of such exactions was "partial payment of plaintiff's costs in attorney's fees" incurred in enforcing the court's orders (*see* 22 NYCRR 130-1.1 [a]; *Bogan v Royal Realty Co.,* 209 AD2d 178). The basis of the court's determination that appellants' payments should together amount to $10,000 may be readily inferred from the record since the receiver submitted an affidavit showing the cost of legal services incurred on behalf of the receivership to be approximately $16,000. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.