■ JMT Brothers Realty, LLC, Appellant, v First Realty Builders, Inc., et al., Respondents, and Joseph R. Foster, Doing Business as JRF Construction Management, Doing Business as JRF Construction Management, LLC, Respondent. [856 NYS2d 616]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 20, 2007, which denied the petition pursuant to CPLR article 75 to permanently stay arbitration of the counterclaims of respondents First Realty Builders, Inc. (First Realty), Robert Caffese, and Joseph R. Foster, doing business as JRF Construction Management, doing business as JRF Construction Management, LLC (JRF Construction), and denied respondent Foster's cross motion to permanently stay arbitration

of claims petitioner asserted against him individually, unanimously reversed, on the law, without costs, and the petition and cross motion granted.

Petitioner entered into a contract with respondents First Realty and JRF Construction for the conversion of a townhouse from individual apartments and offices into a single family residence. The contract, which contained an arbitration clause, was signed by Joseph Foster on behalf of JRF Construction and by Robert Caffese on behalf of First Realty and, separately, on a line indicating that he was personally guaranteeing the contract. Following a dispute between petitioner and Caffese over an alleged misuse of funds, petitioner terminated First Realty. JRF Construction thereafter continued work on the project for several months until it was advised to stop work in light of petitioner's demand for arbitration against First Realty, Caffese, and JRF Construction. First Realty and Caffese asserted counterclaims relating, inter alia, to the subject project, and JRF Construction asserted a counterclaim seeking recovery of its fee, supervision costs, and reimbursement of costs for open invoices.

Petitioner then brought this petition seeking a stay of arbitration of the counterclaims on the ground that respondents were home improvement contractors that failed to obtain licenses required by law (*see* Administrative Code of City of NY § 20-385 *et seq.*). First Realty and Caffese defaulted, thereby admitting the allegations that they were unlicensed home improvement contractors engaged in a home improvement project (*see Access Capital v DeCicco*, 302 AD2d 48, 52 [2002]). Accordingly, as First Realty and Caffese are barred from recovery, the petition to stay the arbitration of their counterclaims should have been granted.

JRF Construction opposed the petition on the basis that it was not required to be licensed since its role on the project was solely to coordinate, monitor and supervise the renovation project. Accepting those allegations as true, JRF Construction nevertheless was required to obtain a license when providing services in connection with a home improvement project (*see O'Mara Org. v Plehn*, 179 AD2d 548 [1992]). Since an unlicensed contractor is precluded, as a matter of public policy, from either enforcing a home improvement contract or seeking recovery in quantum meruit (*see B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264 [1995]), the petition to stay arbitration of JRF Construction's counterclaim should also have been granted (*see Matter of Heller [Clark Constr. Corp.]*, 178 AD2d 195 [1991]).

Furthermore, the court erred in denying Foster's cross motion to stay arbitration of the claims against him individually since he signed the arbitration agreement in his capacity as president of JRF Construction, and a party will not be compelled to arbitrate absent evidence that affirmatively establishes an express agreement to do so (*see Matter of Metamorphosis Constr. Corp. v Glekel*, 247 AD2d 231 [1998]; *Matter of Jevremov [Crisci]*, 129 AD2d 174 [1987]). We reject petitioner's claim that Foster may be held personally liable because the entity named in the parties' contract, "JRF Construction Management," is a nonexistent entity. Petitioner drafted the contract and there is no claim of confusion as to the parties involved in the contract (*see Matter of Harmon v Ivy Walk Inc.*, 48 AD3d 344 [2008]). Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ.