In the Matter of the Arbitration between Vincent J. Giamo, Appellant, and Michael Visscher, Respondent. [942 NYS2d 705]—

Peters, P.J. Appeal from a judgment of the Supreme Court (J. Sise, J.), entered February 25, 2011 in Montgomery County, which denied petitioner's application pursuant to CPLR 7511 to modify and/or partially vacate an arbitration award, and confirmed the award.

In 2004, petitioner and respondent entered into a contract for the construction of a single family home for petitioner. The contract named "Michael Visscher" as the contractor, was signed by respondent without any reference to a corporate capacity or status and contained a clause requiring that "[a]ll disputes hereunder . . . be resolved by binding arbitration." After a dispute arose between the parties over the quality of the work performed, petitioner served a notice of intention to arbitrate upon respondent, which named respondent individually as the party to the arbitration. Thereafter, petitioner and respondent, individually, signed an agreement to submit to binding arbitration in which they agreed to arbitrate "certain construction contract disputes between the parties." Respondent also filed a prearbitration statement affirming that he entered into the contract individually and asserting a counterclaim for moneys due under the contract.

Approximately six months later, and just prior to the com-

mencement of the arbitration hearing, respondent submitted an amended prearbitration statement claiming that he entered into the contract on behalf of Michael Visscher Carpentry, Inc. (hereinafter MVCI), his wholly owned corporation, and that MVCI is entitled to an award of the amounts due under the contract. At some point during the hearing, respondent moved to amend the caption of the arbitration proceeding to name MVCI, rather than him, individually, as the respondent therein. At the conclusion of the hearing, the arbitrator issued an award that granted respondent's motion to amend the caption to name MVCI as the respondent in the proceeding and awarded damages to both petitioner and MVCI, resulting in a net award to petitioner in the amount of $55,792.42. Petitioner thereafter commenced this proceeding to modify or partially vacate that portion of the arbitration award that substituted MVCI in place of respondent individually. Supreme Court confirmed the award, and petitioner now appeals.

By arguing that he signed the contract on behalf of MVCI, rather than individually, and that MVCI should therefore be substituted as the proper party to the arbitration proceeding, respondent was in effect claiming that there was no agreement to arbitrate between himself and petitioner. However, CPLR 7503 (c) provides that a party upon whom a proper notice of intention to arbitrate has been served must apply to stay arbitration within 20 days of service of the notice. If a party fails to make a timely application, "he [or she] shall thereafter be precluded from objecting that a valid agreement was not made" (CPLR 7503 [c]). Thus, if it was respondent's position that he never agreed to be bound in his individual capacity under the contract, and never agreed in his individual capacity to be bound by the arbitration clause contained therein, his recourse was to move pursuant to CPLR 7503 (c) to permanently stay arbitration against him in his individual capacity (*see JMT Bros. Realty, LLC v First Realty Bldrs., Inc.*, 51 AD3d 453, 455 [2008]; *Matter of Metamorphosis Constr. Corp. v Glekel*, 247 AD2d 231 [1998]; *Matter of Jevremov [Crisci]*, 129 AD2d 174, 176-177 [1987]; *see generally Matter of Woodcrest Fabrics [Taritex, Inc.]*, 98 AD2d 52, 54-55 [1983]). Such a motion is necessary because the issue of whether there is an agreement to arbitrate between the parties, and whether respondent is therefore bound by the arbitration provision of the contract, is a threshold question for the court, not the arbitrator, to decide (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]; *Matter of Jalas v Halperin*, 85 AD3d 1178, 1181-1182 [2011], *lv denied* 17 NY3d 717 [2011]; *Matter of Perciballi Assoc., LP v Corporate Natl. Realty, LLC*, 74 AD3d 976, 977 [2010]; *see gen-*

*erally Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-8 [1980]). Rather than moving for a stay of arbitration, respondent instead agreed to arbitrate the dispute in his individual capacity and fully participated in the arbitration, thus waiving any argument that a valid agreement to arbitrate had not been entered into between himself and petitioner (*see* CPLR 7503 [c]; *Matter of Aaacon Auto Transp. [State Farm Mut. Auto. Ins. Co.]*, 41 NY2d 951, 951-952 [1977], *cert denied* 434 US 859 [1977]; *Matter of Woodcrest Fabrics [Taritex, Inc.]*, 98 AD2d at 54-55). Therefore, the arbitrator erred in substituting MVCI for respondent individually as the respondent to the arbitration proceeding, and the award must be modified accordingly (*see* CPLR 7511 [c] [2]).

Finally, as respondent concedes, petitioner is entitled to post-judgment interest on the award (*see* CPLR 5003).

Malone Jr., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's application (1) to modify that part of the award as substituted Michael Visscher Carpentry, Inc. in place of Michael Visscher, and (2) for post-judgment interest; petition granted to that extent; and, as so modified, affirmed.