Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh (2019 NY Slip Op 05664)





Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh


2019 NY Slip Op 05664


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-12778
 (Index No. 521349/17)

[*1]In the Matter of Kent Waterfront Associates, LLC, etc., et al., appellants, et al, petitioner,
v
National Union Fire Insurance Company of Pittsburgh, etc., respondent.


Silverman Shin & Byrne, New York, NY (Donald F. Schneider and Andrew V. Achiron of counsel), for appellants.
Bressler, Amery & Ross, New York, NY (Samuel J. Thomas of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc., appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 17, 2017. The order referred the petition to an arbitration panel for determination of whether the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc., were bound by the agreement to arbitrate.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted; and it is further,
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination on the issue of whether the dispute is arbitrable insofar as it involves the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc.
There is no dispute that a payment agreement existed between the respondent, National Union Fire Insurance Company of Pittsburgh (hereinafter National Union), and the petitioner Kent Waterfront Builders, LLC (hereinafter Kent Builders), and that the payment agreement contained an arbitration clause whereby "[a]ny other unresolved dispute arising out of this Agreement must be submitted to arbitration." When a dispute over payment arose, National Union served a demand for arbitration on Kent Builders, as well as on the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc. (hereinafter collectively the appellants), among others. The petitioners commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration insofar as it involves the appellants on the basis that the appellants were not parties to or bound by the payment agreement. In the order appealed from, the Supreme Court referred the petition to the arbitration panel for determination as to whether the appellants were bound by the agreement to arbitrate.
It is a "well-settled proposition that the question of arbitrability is an issue generally for judicial determination in the first instance" (Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 45). "If the court determines that the parties had not made an agreement to arbitrate, that concludes the matter and a stay of arbitration will be granted or the application to compel arbitration will be denied" (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7). This threshold determination must be made by the court unless the parties have "evinced a clear and unmistakable agreement to arbitrate arbitrability" (Matter of Smith Barney Shearson v Sacharow, 91 NY2d at 45-46 [internal quotation marks omitted]; see Matter of Sherwood [Kirkpatrick], 108 AD3d 979, 980). Since the determination of whether the appellants were bound by the arbitration provision in the payment agreement was a threshold question for the courts, and not the arbitrator, to decide, we disagree with the Supreme Court's determination to refer that issue to an arbitration panel (see Matter of Giamo [Visscher], 94 AD3d 1395, 1396; Matter of Perciballi Assoc., LP v Corporate Natl. Realty, LLC, 74 AD3d 976, 977).
Accordingly, we reverse the order and remit the matter to the Supreme Court for a determination on the issue of whether the dispute is arbitrable insofar as it involves the appellants.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court