Tecchia v Bellati (2022 NY Slip Op 01524)





Tecchia v Bellati


2022 NY Slip Op 01524


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 652257/15 Appeal No. 15484 Case No. 2021-01485 

[*1]Sara Tecchia et al., Plaintiffs-Appellants,
v
Bartolomeo Bellati Doing Business as Minimal USA et al., Defendants-Respondents.


Davidoff Hutcher & Citron LLP, New York (Joseph Polito of counsel), for appellants.
Muchmore & Associates PLLC, Brooklyn (Marwan F. Sehwail of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered April 12, 2021, which granted defendants' motion for summary judgment dismissing the second amended complaint and in their favor on defendant Canova, Inc.'s counterclaim for breach of contract, unanimously modified, on the law, to deny the motion except as to so much of the first and second causes of action alleging that defendants failed to supply products manufactured by Minimal s.r.l. (Minimal Cucine), and otherwise affirmed, without costs.
The written contract between plaintiff Sara Tecchia and Minimal USA — the trade name for Canova — does not require Canova to supply products manufactured by Minimal Cucine, nor is the contract ambiguous in that regard (see Georgia Malone & Co., Inc. v E&M Assoc., 163 AD3d 176, 185 [1st Dept 2018]; Firtell v Crest Bldrs., 159 AD2d 352, 352 [1st Dept 1990]). Although the contract states that "[c]ustom furniture and millwork made in Italy as per designs attached" are to be included in the renovation of Tecchia's condominium unit, it makes no reference at all to Minimal Cucine (see id.).
However, as to the remaining contract claims, defendants failed to satisfy their burden of establishing that there were no material issues of fact (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]). Both Tecchia and plaintiffs' construction manager testified as to alleged defects in the work that defendants performed in the condominium unit. According to the deposition testimony, remediating the allegedly defective work caused delays in the renovation project, thus hindering plaintiffs' ability to put the unit up for sale. In opposition, defendants failed to establish that there were no material factual issues as to whether they were responsible for the various alleged delays, or as to whether plaintiffs suffered damages from those delays (see id.; see also Feivel Funding Assoc. v Bender, 156 AD3d 416, 417-418 [1st Dept 2017]).
In addition, plaintiffs are entitled to seek restitution for payments they previously made for defective work, and are not limited to the $36,398 that defendants have allowed as a deduction from the balance they claim is due (see Wildenstein v 5H&Co., Inc., 97 AD3d 488, 491 [1st Dept 2012]). Tecchia could also be entitled to damages that arose when she was prevented from living in the condominium unit, as she testified that she originally intended to make the unit her primary residence, but changed her mind only after the renovation work allegedly went awry.
Despite defendants' argument otherwise, receipt of timely payments was not a condition precedent to delivery, since the contract language does not set forth a condition precedent as a matter of law. The contract language on which defendants rely — "[d]elivery dates are contingent upon receipt of . . . timely payments and all necessary information required for manufacturing" — does not contain unambiguous conditional language such as "if" and "unless and [*2]until," and therefore cannot be interpreted as an express condition rather than a promise (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 194 [1st Dept 2019]).
The motion court should not have dismissed the cause of action for fraud as duplicative of the contract claims. As already noted, the written contract between Minimal USA and Tecchia did not require Minimal USA to provide Minimal Cucine products; therefore, defendants' alleged misrepresentation that they would provide those products is not collateral to the contract (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]). Further, in light of Tecchia's deposition testimony, in which she stated that defendant Bartolomeo Bellati told her that Minimal USA would provide her with products made by Minimal Cucine, defendants have failed to sustain their burden of demonstrating that there are no issues of material facts with respect to fraud (see Stonehill, 28 NY3d at 448; see also DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [2010]; Norddeutsche Landesbank Girozentrale v Tilton, 178 AD3d 539, 539-540 [1st Dept 2019]).
The motion court erred in granting Canova's counterclaim for breach of contract, since the record presents issues of material fact as to whether some of the services that Canova provided constituted "home improvement," thus requiring Canova to have a home improvement contractor's license in order to enforce the contract (see JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d 453, 454 [1st Dept 2008]). To the extent Canova installed appliances, it did not need a home improvement contractor's license (see Raywood Assoc. v Seibel, 172 AD2d 154, 155 [1st Dept 1991]). Viewed in the light most favorable to the nonmoving party, however, the record presents issues of fact as to whether any of Canova's work involved permanent improvements to the actual physical construction of the apartment and thus could be defined as "home improvement" (see JMT Bros. Realty, LLC, 51 AD3d at 454). Finally, the record makes clear that Minimal USA is Canova's trade name; thus, there is no merit to plaintiff's argument that Canova may not actually have been a party to the contract (Matter of Harmon v Ivy Walk Inc., 48 AD3d 344, 347 [1st Dept 2008], lv denied 11 NY3d 702 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022