Adago v Sy (2022 NY Slip Op 03435)





Adago v Sy


2022 NY Slip Op 03435


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 651241/21 Appeal No. 16029 Case No. 2021-04745 

[*1]Roberto Adago, Plaintiff-Appellant,
v
Abdou Rahmane Sy, et al., Defendants-Respondents.


Robert Schacht, P.C., Nyack (Robert Schacht of counsel), and Bernadette Panzella, P.C., New York (Bernadette Panzella of counsel), for appellant.
Edward J. Cuccia, P.C., New York (Edward J. Cuccia of counsel), for respondent.



Order, Supreme Court, New York County (Laurence Love, J.), entered on or about November 8, 2021, which, to the extent appealed from as limited by the briefs, denied as moot plaintiff's motion to amend the pleadings, and denied plaintiff's cross motion to vacate the previously ordered stay of the action pending arbitration and for, inter alia, summary judgment on his claims against defendants and for a restraining order against defendant Abdou Rahmane Sy, unanimously modified, on the law, to grant the cross motion to the extent of vacating the stay as to plaintiff's fraud, conversion, and breach of contract claims against Sy individually, and remanding for a hearing on the issue of whether the parties' memorandum of understanding (MOU) was permeated with fraud, and for determination of plaintiff's motion for leave to amend the complaint to add a claim for constructive trust and the branch of plaintiff's cross motion seeking an order prohibiting Sy from transferring or encumbering his assets, and otherwise affirmed, without costs.
Plaintiff cannot be compelled to arbitrate his individual claims against Sy for fraud, conversion, and breach of a 2021 settlement agreement, as he established that neither he nor Sy were individual signatories to the MOU, which was the instrument that contained the arbitration clause (see JMT Bros. Realty, LLC v First Realty Builders, Inc., 51 AD3d 453, 455 [1st Dept 2008]). Further, no other evidence in the record affirmatively establishes an agreement for the individual parties to arbitrate, and a party will not be compelled to proceed to arbitration without an express agreement to do so (id.; see Matter of Metamorphosis Constr. Corp. v Glekel, 247 AD2d 231, 231 [1st Dept 1998]).
As for plaintiff's claim that the transaction was fraudulent, the complaint, as supplemented by plaintiff's submissions on renewal, pleads that the MOU was part of a scheme by Sy to defraud plaintiff. Thus, plaintiff has raised a substantial question whether the MOU was induced by fraud or whether it was so "permeated with fraud" that the entire agreement, including the arbitration provision, is void (see Matter of Silverman [Benmor Coats], 61 NY2d 299, 307-308 [1984]; Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 382-383 [1st Dept 2006]). Accordingly, we remand for a hearing to determine that issue, and for a determination of plaintiff's motion for leave to amend and the branch of his cross motion that seeks an order prohibiting Sy from transferring or encumbering his assets (see CPLR 7503[a]; Matter of Kennelly, 11 AD3d at 383).
To the extent plaintiff's cross motion sought summary judgment on his claims, relief cannot be granted, even in the absence of a stay, because the cross motion was brought before joinder of issue by defendants (CPLR 3212[a]; see Leff v Leff, 182 AD2d 401, 402 [1st Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: May 26, 2022