## Elizabeth Gill Interiors Inc. v Gerst

2024 NY Slip Op 33316(U)

September 20, 2024

Supreme Court, New York County

Docket Number: Index No. 651919/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. PAUL A. GOETZ** | **PART** 47 |
| | *Justice* | |

-------------------------------------------------------------------------------X

ELIZABETH GILL INTERIORS INC., ELIZABETH KANE GILL

Petitioners,

- v -

ELIZABETH GERST,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651919/2024 |
| **MOTION DATE** | 04/12/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 17, 18, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for _____STAY_____.

In this breach of contract action arising from an interior design services agreement, petitioners Elizabeth Gill Interiors Inc. (EGI) and Elizabeth Kane Gill move pursuant to CPLR § 7503(b) to permanently the stay arbitration proceedings against them[1]. Respondent cross-moves pursuant to CPLR § 7503(a) to compel Gill to participate in the arbitration proceedings, or in the alternative, pursuant to CPLR § 103(c) to sever and convert respondent's conditional counterclaims[2] into a plenary action.

## BACKGROUND

By an "Interior Design Service Agreement" (the agreement) dated July 18, 2022, respondent hired EGI to perform interior design services at her residence located at 1111 Park Avenue, New York, NY 10128 (NYSCEF Doc No 20). Importantly, the agreement included an

---

[1] A temporary stay was granted, only as to Gill, pending a decision on this motion (NYSCEF Doc No 18).
[2] "Conditional counterclaims" refers to the counterclaims asserted in respondent's answer to the petition (NYSCEF Doc No 19).

**651919/2024   ELIZABETH GILL INTERIORS INC. ET AL vs. GERST, ELIZABETH**          **Page 1 of 5**
**Motion No.  001**

arbitration clause which provided that "[a]ny dispute which cannot be resolved by Mediation . . . shall be resolved by binding arbitration in accordance with the rules of National Arbitration and Mediation ('NAM')" (*id.*, ¶ 15). Additionally, the agreement, which is in letter format, was signed by "Elizabeth Gill, President, Elizabeth Gill Interiors" (*id.*).

Respondent filed a statement of claims against petitioners for, *inter alia*, breach of contract (NYSCEF Doc No 3, pp. 2-28) and demanded an arbitration with NAM (*id.*, pp. 2-6). The proceeding was captioned *Elizabeth Gerst v Elizabeth Gill Interiors Inc. and Elizabeth Gill a/k/a Elizabeth Kane*, NAM ID No 276842 (the arbitration proceedings). Petitioners seek a permanent stay of the arbitration proceedings on the grounds that Gill executed the agreement in her representative capacity as president of EGI, rather than in her individual capacity, and therefore is not obligated to participate in an arbitration. Respondent cross-moves to compel Gill to participate in the arbitration proceedings on the grounds that the corporate veil may be pierced because Gill is an alter ego of EGI.

## DISCUSSION

"[A] party will not be compelled to arbitrate absent evidence that affirmatively establishes an express agreement to do so" (*JMT Bros. Realty, LLC v First Realty Bldrs., Inc.*, 51 AD3d 453, 455 [1st Dept 2008]; *Waldron v Goddess*, 61 NY2d 181, 183 [1984] ["The agreement must be clear, explicit and unequivocal . . . and must not depend upon implication or subtlety"]). Respondent does not dispute petitioner's argument that the agreement does not explicitly reflect Gill's intent to be bound, in an individual capacity, to its terms. However, respondent argues that EGI's corporate veil should be pierced because this situation falls under the "'alter ego' exception" to the general rule against compelling arbitration, which "compel[s] 'alter egos' of a signatory to arbitrate" (*TNS Holdings Inc. v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]; *Roffler v*

**651919/2024   ELIZABETH GILL INTERIORS INC. ET AL vs. GERST, ELIZABETH**                **Page 2 of 5**
**Motion No.  001**

2 of 5

*Spear, Leeds & Kellogg*, 13 AD3d 308, 331 [1st Dept 2004] ["Unless a corporation is merely an alter ego of its principal, a court may not pierce the corporate veil for the purpose of compelling an individual to proceed to arbitration"] [emphasis omitted]).

"Those seeking to pierce a corporate veil [] bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences" (*id.*). Notably, "[e]vidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (*id.*). Indicia of a situation warranting veil-piercing include:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence[], (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Bldrs. v Resnick Devs. S., Inc.*, 933 F2d 131, 139 [2nd Cir 1991]).

Here, respondent asserts that Gill used her personal name and address on orders placed pursuant to the contract, which caused issues with returns and exchanges of merchandise, and that many of EGI's advertised projects were completed by Gill for her own family (NYSCEF Doc No 49). Respondent asserts that Gill engaged in "numerous other wrongful, illegal, and fraudulent acts" and that "there is likely additional evidence solely in Gill's possession that will demonstrate that piercing the corporate veil is warranted" (*id.*).

**651919/2024   ELIZABETH GILL INTERIORS INC. ET AL vs. GERST, ELIZABETH**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

"Applying the 'alter ego' test here, [respondent has] failed to show that, even if [Gill] dominated [EGI], that control resulted in some fraud or wrong mandating disregard of the corporate form in this case" (*TNS Holdings Inc.*, 92 NY2d at 339). Gill's actions of using her personal name and address and advertising projects she completed for her family do not raise "[a]n inference of abuse" of the corporate form, or that EGI was not "formed for legal purposes or is [not] engaged in legitimate business" (*id.*, 339-40). Thus, respondent has not met her heavy burden and EGI's agreement to submit to arbitration cannot be imputed to Gill.

To the extent that petitioners seek a stay of the arbitration proceedings against EGI (NYSCEF Doc Nos 1, 6, 15, 50), it is noted that petitioners have not provided any basis for staying proceedings as against EGI. EGI explicitly consented to the arbitration clause and is therefore obligated to participate in the NAM proceedings. Accordingly, petitioners' motion to permanently stay the arbitration proceedings will be granted as to Gill and denied as to EGI; and the part of respondent's cross-motion seeking to compel Gill to participate in the arbitration proceedings will be denied.

Respondent alternatively seeks to sever and convert her conditional counterclaims into a plenary action pursuant to CPLR § 103(c). However, the counterclaims asserted by respondent in her answer to the petition (NYSCEF Doc No 19) mirror the claims she asserted in her statement of claims (NYSCEF Doc No 3, pp. 7-28), which will be addressed in the arbitration proceedings against EGI. Accordingly, the part of respondent's cross-motion seeking to sever and convert her counterclaims into a plenary action will be denied.

## CONCLUSION

Based on the foregoing, it is

**651919/2024   ELIZABETH GILL INTERIORS INC. ET AL vs. GERST, ELIZABETH**     **Page 4 of 5**
**Motion No.  001**

4 of 5

ORDERED that petitioners' motion is granted to the extent that the arbitration proceedings are permanently stayed as against Gill and is otherwise denied; and it is further

ORDERED that respondent's cross-motion is denied in its entirety.

2024092017065?PGOETZ1000FEA333A274E48A0207DB040AD31E2

**9/20/2024**
_____
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**651919/2024   ELIZABETH GILL INTERIORS INC. ET AL vs. GERST, ELIZABETH**
**Motion No.  001**

Page 5 of 5

5 of 5